Nash, J.
 

 In the opinion of this court, there was error in the judgment of non-suit against the plaintiff, and we suspect the error was occasioned by not duly regarding the situation in which the parties stood at the time the agreement was entered into. The defendant Brickell, by not taking bail from the defendants, Hawkins and Lowe, became under our law special bail, or bail to the action ; and, as such, liable to all the responsibilities of bail; he became bound, that the defendants should pay such judgment as might be recovered against them, or surrender their bodies. Both in England and in this State, it is well settled, that a plaintiff-, seeking redress against bail, must first sue out an execution against the body of the principal, and have it returned, before he can proceed against the bail either by action of debt on the bond, or by
 
 scire facias.
 
 But the
 
 ca. sa.
 
 answers, and is intended to answer, a very different purpose there, from what it does here. The bail in England stipulates merely for the delivery of the defendant, and not for the payment of the demand, and the plaintiff has the right to proceed either against the property or person of the defendant. It has therefore been held proper, that he should do something plainly indicating his intention to proceed against the person, in order to fix the bail. Petersdorf on Bail, page 355.
 
 Wilmon v. Clark,
 
 1 Lord Ray. 156.
 
 South
 
 
 *69
 
 v.
 
 Griffith,
 
 Cro. Car. 481. Upon the above principle it is, that Mr. Sellon, in his practice, 2d vol. 44, lays it down as a rule, that if the plaintiff sues out an execution against the property of the principal, it is an election by him which discharges the bail. This doctrine has been long since overruled, and it is settled that the plaintiff may take out a
 
 fieri facias
 
 against the property of the defendant, and, upon its proving unavailing, may then issue his
 
 ca. sa.
 
 or may issue both at the same time, provided the latter is not executed until the former is returned, even where there is a partial payment on the
 
 fi. fa.
 
 Archbold’s practice, addenda, 13.
 
 McNair
 
 v.
 
 Ragland,
 
 2 Dev. Eq. 42. The object of the
 
 ca. sa.
 
 then is, to give the bail notice, that the plaintiff has elected to go against the body of the defendant, and until he receive such notice he is not bound to surrender his principal. Petersdorf, 355, 359. It does not in England issue with any view to its execution. The sheriff is not guilty of any misfeasance in office by not executing it, for after it has lain in his office the last four days next. before it is returnable, the plaintiff can compel him to return a
 
 non est inventus,
 
 although he may know where the defendant is. Petersdorf, 359.
 
 Hunt
 
 v.
 
 Cox,
 
 3 Bur. 1360. 1st Black. R. 393. 2 Tidd 1128, n. i. But the
 
 ca. sa.
 
 in this State was intended for a different purpose ; not simply to notify the bail of the election the plaintiff had made, but to give to him the full benefit of the process.
 
 Finly
 
 v.
 
 Smith,
 
 3 Dev. 248. By the 3d sec. of ch. 10 of the Revised Statutes, it is provided, that “the plaintiff, after final judgment, shall not take out execution against the bail, until an execution be first returned, that the defendant is not to be found in his proper county, and until a
 
 scire facias
 
 has been made known to the bail, which
 
 scire facias
 
 shall not issue until such return.” The 18th sec. of the 119th ch. of the Revised Statutes, makes it the duty of the sheriff, under a heavy penalty, by himself or his lawful officer or deputy, to
 
 execute
 
 and duly return all writs and other process which shall be delivered to him twenty days before the sitting of the court, to which they are made returnable. When, therefore,
 
 *70
 
 a plaintiff has taken out his execution against the body of the defendant, directed to the proper county, and caused it to be placed, in proper time, in the hands
 
 of the
 
 proper officer, he ^ ¿[one ap f,[le ]aw requires him to do, to entitle himself to the benefit of his process against the bail, but not until the sheriff has returned, he is not to be found in his proper county, can he proceed; and the sheriff makes his return upon oath. It is not denied, that if the plaintiff, Ferrall, had released to Hawkins the debt, for which he had a judgment against him and Lowe, that the release would have operated to the benefit of Lowe, and to the discharge of the bail, for a release to one co-obligor is a release to all. Coke L. 252. 2
 
 Bos.
 
 & P. 630. But there is no evidence jn the case that any release was ever executed by Ferrall. So, if Ferrall, after Hawkins was arrested under the ca.
 
 sa.
 
 and while so in the custody of the sheriff, had discharged him from arrest, it would have discharged the debt also against Lowe, and consequently against the bail, because it would have been the act of the party himself,
 
 Bryan
 
 v.
 
 Simonton,
 
 1 Hawks, 51. At the time the agreement took place between Ferrall and Hawkins, the latter was no longer, in the custody of the sheriff. The defendant, Brickell, as sheriff, had discharged his duty by making the arrest and taking the bond for the appearance of Hawkins — and as bail for Hawkins, he was discharged the moment he was in custody upon the
 
 ca. sa.
 
 In the case of
 
 Hawkins
 
 v.
 
 Hall,
 
 decided at the last term of this court, the court say, that when a debtor in custody under a
 
 ca. sa.
 
 tenders to the sheriff a bond, as prescribed in the 58th Ch. 5, 8, of the Revised Statutes, that it is his duty to accept it and release the debtor from custody. The discharge then from actual custody or imprisonment is the act of the law or of the debtor under the law; consequently the creditor is at liberty to proceed against any other person, liable to the payment of the debt. But it is said, the agreement not to oppose the discharge of Hawkins, as an insolvent, operated as a discharge to Lowe, and consequently to Brickell as the bail of Lowe. We are at a loss to perceive upon what principle this conclu
 
 *71
 
 sion is founded. The plaintiff has done all the law required him to do. He has taken out his execution, as broad as his judgment, and placed it in the hands of the proper officer, and he has done nothing to impede its full operation. Was he bound to oppose the discharge of Hawkins? In the case last referred to, the court say he was not bound, nor was the sheriff as bail in any manner concerned in the effort to be made by Hawkins to procure his discharge under the insolvent law.
 
 Wistanly
 
 v. Head, 4 Taunt. 193. The agreement, not to look to him for the debt for which Lowe was jointly bound, did not operate as a release to Lowe, nor would it have had that operation if under seal. In the case of
 
 Hutton
 
 v. Eyn, 6th Taun. 289, it is expressly decided, that a covenant not to sue one of two joifit obligors, does not operate as a release to the other. Nor has it that operation when the covenant provides, that if suit is brought against the other obligor, the covenant may be pleaded in bar.
 
 Dean
 
 v.
 
 Newhall,
 
 8 Taun. 168.
 

 We are therefore of opinion, that there is error in the judgment of his Honor — that the judgment of non-suit must be set aside, and judgment entered for the plaintiff, with costs,
 

 Peb. Curiam, Judgment"below reversed, and judgment for the plaintiff,